CHARLES JAMES
*vs.*
JOHN A. MACDONALD, HIGHWAY COMMISSIONER

Superior Court          Fairfield County          File No. 52415

MEMORANDUM FILED APRIL 24, 1939.

*Curtis & Stoddard,* of Bridgeport, for the Plaintiff.

*Leo V. Gaffney,* Assistant Attorney General, for the Defendant.

MUNGER, J.  The plaintiff is the owner of land consisting of two parcels in the town of Fairfield.  One parcel, hereinafter called the south piece, is located at the southeast corner of Main Street and Pequot Road.  The other, herein called the north piece, is located at the northeast corner of Rose Hill Road and Main Street.  By a survey and map dated October 30, 1936, the defendant has reestablished and located boundaries of the highway known as Pequot Road on the west side of the plaintiff's property.

The action of the defendant has been taken pursuant to section 530c of the Cumulative Supplement to the General Statutes (1935).  This section provides that the highway commissioner, if the boundary lines or limits of any state aid or trunk line highway shall have become lost or uncertain, "may reestablish such boundary lines or limits as, in his opinion, they were originally established."  The statute further provides that the boundaries so defined may be changed by the Superior Court on appeal, and further provides: "If said commissioner shall be unable to prove the location of any such boundaries or limits, he may purchase or condemn such right of way over land adjoining the traveled portion of the highway as shall, in his opinion, be necessary for highway purposes...."  The map made by the defendant to establish the conclusions reached from the survey is plaintiff's Exhibit A.  The lines of the highway as established by the defendant are shown on this map by the heavy broken line.

The plaintiff bought the south parcel in 1927 and thereafter erected a building for stores fronting on the highway.  At the time he purchased the land there were visible evidences of the boundary line of the highway consisting of an old fence with posts.  This fence the plaintiff took down and erected his building ten feet to the east of the line of the old fence.  He thereupon constructed a sidewalk in front of this building some 67 feet in length from north to south.  The building is used for stores.  The sidewalk ends at the north of the highway.  On the south it adjoins another sidewalk running along the property adjoining one Russell.  So far as appears it is a continuous sidewalk along the east side of Pequot Road and fronting the

various properties on the east of the highway. The line of the old fence with posts is a line which would be some two feet to the west of the curb line of this sidewalk. The defendant in locating the easterly boundary line of the highway ran his line along the face of the plaintiff's building and it is claimed that if the evidence of an old boundary did in fact indicate that the plaintiff's land ran some ten feet further to the west that the land had been abandoned by him and dedicated to the public. The defendant therefore insists that upon the clear evidence of dedication the east boundary line of the highway is correctly shown on Exhibit A.

It is apparent from an inspection of the map, if we begin at a point marked "highway boundary stone with figures 168 degrees, ten minutes", that the highway boundary line as fixed by the defendant turns at an angle and runs along the face of the plaintiff's building or the inner line of the sidewalk from the dot labelled B.P. on said map. From this dot B.P. at the end of the line marking the inner face of the sidewalk with the figures 32.9 degrees, the defendant has drawn a straight line substantially to the north and projected it across the highway to a point in the map marked B.P., as indicated directly in front of the word "walk" and the east boundary of the high- way has then been run by the defendant to the other dot B.P., the same being the line as indicated on said map 54.35.

The defendant mainly relies, as far as the south piece is con- cerned, for the boundary line which has been established, upon the fact of dedication by the plaintiff. This is very much to his advantage so far as the south piece is concerned and seems decidedly to his disadvantage as concerns the north piece; for the reliance upon dedication is the only reason why the east boundary of the highway has been measured and fixed as the inside line of the sidewalk as it now stands, that is, along the face of the plaintiff's building.

I think the evidence fairly shows a dedication by the plaintiff of this strip. The plaintiff testified that he moved back ten feet to the east from the correct highway line in order to con- form to the zoning ordinances of the town in erecting his building. The sidewalk is eight feet wide. He further testi- fied that the sidewalk was for the purpose of allowing customers to gain access to the stores. His testimony, however, was ex- plicit that very much more than this was the effect of his con- struction of the walk and the only reasonable conclusion that

can be drawn is that a dedication was intended and that an implied dedication must be found.

The plaintiff testified as follows:

"Q—Is there another sidewalk extending from this sidewalk in a southerly direction?   A—That is Russell's.

Q—There is a sidewalk?   A—Yes.

Q—Another sidewalk there?   A—Yes.

Q—So both sidewalks are used for people going along the street and into the stores?   A—Yes.

Q—The cars park along there, automobiles park there and people go into the store?   A—They do sometimes.

Q—And all the time the sidewalk has been built people have been using it up and down for every purpose they might want to?   A—Yes."

This unequivocal statement of the plaintiff in my opinion, together with the character of the walk as forming a continuous passage on the highway along the east side of Pequot Road, together with the other testimony does not, as before stated, afford ground for any other reasonable conclusion than that of dedication.   As to this piece, therefore, it must be found that the defendant has correctly proceeded in establishing the east boundary of the highway along the plaintiff's property.   *LaChappelle vs. Jewett City*, 121 Conn. 381.

Quite a different conclusion must be reached with respect to the north piece.   It does not indeed appear that the property of the plaintiff along which the defendant has established the east boundary of the highway is in fact a state aid or trunk line highway.   It seems to be conceded that Pequot Road is a highway over which the defendant by law has jurisdiction.   An inspection of Exhibit A fails to show that the north piece of plaintiff's property is bounded on the west by Pequot Road but it appears rather that it is bounded by Main Street, and it is not claimed that Main Street is a state aid or trunk highway.

If, however, it is assumed that the north piece of plaintiff's property does face on Pequot Road, then I can see no ground for holding that the line as drawn by the defendant is an accurate designation from anything that resembles proof.   As before stated, the east line of the highway upon the map as drawn by the defendant turns at an angle at a place marked

"highway boundary stone 168 degrees, ten minutes." This line thereafter runs along the face of the plaintiff's property; as the east boundary of the highway it is a line which takes the inside line of the sidewalk as correct and is based upon dedication as before stated. The defendant has projected this line across the highway to the north piece where it forms an angle at a point on the map marked B.P. over the word "walk" and then proceeds to the north. If, however, the inside line of the highway without this deflection based upon dedication were to be projected in a straight line it must be conceded that it would substantially follow the line of the old fence testified to by the plaintiff when he bought the property and if this line were projected across the highway to the north piece the establishment of the line as now made by the defendant would be quite otherwise and of course could not be justified. It is impossible to see that there is any basis for the projection across the highway of the line which is a continuation of the inside sidewalk line of the south piece. It can derive only from speculation and it does not coincide with the clear evidence of the plaintiff's boundary as above described.

It does indeed appear that the defendant has made a valiant attempt to determine the correct boundary line along the north piece, but the method adopted by following the lines of the fence in the rear of the property has not produced results which can fairly be described as anything more than conjecture. We must appreciate the extreme difficulties involved in a task of this kind, but it nevertheless must be said that the burden is directly placed upon the defendent by statute, if the highway line has been lost, of correctly reestablishing it. This burden, as I read the statute, is cast upon the defendant by the plain language that he must prove that his reestablished line is correct and if this is impossible authority is thereupon given him to buy or condemn the necessary land. The best that one can do is not always proof and the conclusion seems to be inescapable that nothing has been shown in fact as proof of the correctness of this line. It seems to me that it is far more just that the highway commissioner, acting for the state, sustain the burden placed upon him than that property should be taken where there is reasonable room for doubt, without fair compensation.

The conclusion reached is that the boundary line of the highway as fixed by the defendant on Exhibit A along the southerly piece of the plaintiff's property is correct and judgment

is rendered for the defendant upon the issue embraced in the controversy so far as the south piece is concerned.

The conclusion is further reached that there is no evidence from which it can reasonably be found that the line established by the defendant as the east boundary of the highway along the plaintiff's property which consists of the north piece is correct. The statute says that the line as established by the commissioner shall be the boundary of the highway unless it is changed by appeal to the court. It is found that it must be and it hereby is changed and said line as established along this north piece is declared to be of no effect and not a correct and accurate reestablishment of the east boundary line of the highway along this piece. Judgment is rendered for the plaintiff with respect to the issue embraced in the controversy so far as the establishment of the line along the northerly side of the property is concerned.

The delay in this case is very much regretted but it has been due entirely to illness of the stenographer so that a necessary portion of the transcript was unable to be received until very recently.